### MUNSON et al. v. MUNSON et al.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

DISMISSING COMPLAINT—LACHES.

The complaint should not be dismissed and the lis pendens canceled on the ground of unreasonable negligence to proceed in the action, where there has been no laches in bringing the suit to trial since the filing and service of the supplemental complaint, and the defense of laches was not interposed to the motion to file and serve the same, so that it will be presumed that up to that time there had been no laches.

Appeal from special term, New York county.

Action by Erastus H. Munson and others against Cornelia A. Munson and others. From an order dismissing the complaint and canceling the lis pendens, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

S. G. Derrickson, for appellants.
Henry Smith, for respondents.

RUMSEY, J. This motion was made on the 29th of December, 1899, for an order canceling and discharging the lis pendens and discontinuing the action. The affidavits show no reason why either relief should be granted. On the hearing it was made to appear that although the suit was begun in 1895, and was put upon the calendar and reserved generally twice, yet in the fall of 1899 the court gave leave to serve and file a supplemental complaint, which was served upon all the defendants. It does not appear what has been the condition of the action since that took place, or whether or not issue has been joined so that it could go to trial. As laches in failing to bring the suit to trial down to the time of the filing and service of the supplemental complaint would have been a perfect defense to the motion for leave to file and serve the supplemental complaint (McDonald v. Davis, 12 Hun, 95), and as no such defense was interposed to that motion, it is fair to presume that up to that time there had been no laches on the part of the plaintiff. Certainly there has been none since. For that reason no ground is shown why either the complaint should have been dismissed for unreasonable neglect to proceed in the action, or why the lis pendens should have been canceled for the same reason. The defendants, in their moving papers, set up no facts whatever from which it can be inferred that there was any such negligence to proceed, or that any ground existed for the relief granted by the order; and the only facts which might be construed to entitle the defendants to such relief were such as might be inferred from certain portions of the plaintiffs' affidavits, but these are sufficiently explained by other portions of the same paper.

Upon the whole record, there does not seem to have been suffi-cient ground for the granting of the relief given the defendants here, and the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to the right of the defendants to make such other motion in the premises as they may be advised. All concur.